# COMPOSITE EXHIBIT A

Filing # 20851538 Electronically Filed 11/21/2014 12:26:50 PM

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA
CIVIL DIVISION

JILL DIAMOND,

      Plaintiff,                                       Case No.:

vs.

HOSPICE OF FLORIDA KEYS, INC.
d/b/a VISITING NURSE ASSOCIATION
OF THE FLORIDA KEYS

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, JILL DIAMOND, by and through her undersigned attorneys, and hereby sues the Defendant, HOSPICE OF FLORIDA KEYS, INC. d/b/a VISITING NURSE ASSOCIATION OF THE FLORIDA KEYS, and alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars.

2.      Venue lies within Monroe County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3.      Plaintiff, JILL DIAMOND, hereinafter referred to as "PLAINTIFF," is a resident of Monroe County, Florida.

4.      Defendant, HOSPICE OF FLORIDA KEYS, INC. d/b/a VISITING NURSE ASSOCIATION OF THE FLORIDA KEYS, hereinafter referred to as "DEFENDANT" or "VNA," is a Florida non-profit corporation authorized and doing business in Monroe County, Florida.

5.      Defendant employs fifty (50) employees within a seventy-five (75) mile radius of the location at which Plaintiff worked, specifically, 1319 William Street, Key West, Monroe County, Florida.

6.      Defendant is an employer as defined by the Family Medical Leave Act (FMLA).

**GENERAL ALLEGATIONS**

7.      At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's federally protected rights.

8.      Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

**FACTS**

9.      Plaintiff, JILL DIAMOND, began her employment with Defendant on or about November 1, 2011, as a licensed clinical social worker.

10.     Plaintiff worked in excess of 1,250 hours in the year prior to requesting FML.

11.     Plaintiff was a caretaker for her parents.

12.     In or around late November or early December of 2013, Plaintiff informed VNA President and CEO, Jody Gross, of the poor health of both of Plaintiff's parents, and Gross suggested that Plaintiff use intermittent FML.

13.     On or about February 19, 2014, Plaintiff informed Defendant that she would need to take FML from February 21 through February 25 to care for her parents.

14.     On or about March 26, 2014, CEO, Jody Gross, Human Resources, Ms. Chennault and the Coordinator of Fundraising, Ms. Maddox notified Plaintiff that when she is not able to provide thirty (30) days notice of the need for leave, then Plaintiff must provide a "receipts" for the time to be covered.

2

15.     During this conversation, CEO, Gross told Plaintiff, "If you worked for any other company you'd be out of a job by now. It's only because you work for us that you're still employed."

16.     On or about March 28, 2014, Plaintiff's mother was hospitalized for a period of five days due to an intestinal infection, dehydration, and blood clot, and would need care upon release.

17.     Plaintiff took FML to care for her mother from approximately April 2, 2014 to April 8, 2014.

18.     When she returned to work, Plaintiff was advised to conserve her FML days.

19.     Based upon Defendant's warning to conserve her FML days, Plaintiff attempted to find substitute care for her mother on or about April 14, 2014, a previously scheduled FML absence.

20.     When Plaintiff came to work on or about April 14, 2014, she was scolded that she cannot "just come and go as you please," and that her FML was "obviously" not an "emergency."

21.     Plaintiff objected to the hostility concerning her FML.

22.     Plaintiff was terminated from her employment on or about May 5, 2014.

## COUNT I
## FMLA INTERFERENCE

23.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 - 22.

24.     Plaintiff is an employee entitled to the protection of the FMLA.

25.     Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights.

26.     The Defendant's actions constitute violations of the FMLA.

3

27.     As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, JILL DIAMOND, prays the court for an award of:

      a.     Back pay and benefits;

      b.     Interest;

      c.     Liquidated damages;

      d.     Attorneys' fees and costs;

      e.     Equitable relief;

      f.     Reinstatement; and

      g.     Such other relief as is permitted by law.

**COUNT II**
**FMLA RETALIATION**

28.     Plaintiff realleges and adopts the allegations stated in Paragraphs 1 - 22.

29.     Plaintiff is an employee entitled to the protection of the FMLA.

30.     Defendant retaliated against Plaintiff for asserting her FMLA rights.

31.     Defendant's actions constitute violations of the FMLA.

32.     As a result of Defendant's actions, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, JILL DIAMOND, prays the court for an award of:

      a.     Back pay and benefits;

      b.     Interest;

      c.     Liquidated damages;

      d.     Attorneys' fees and costs;

      e.     Equitable relief;

      f.     Reinstatement; and

      g.     Such other relief as is permitted by law.

## DEMAND FOR JURY TRIAL

33.    Plaintiff requests a jury trial for all issues so triable.

Dated this 21st day of November, 2014.

FLORIN ROEBIG, P.A.

s/s Christopher D. Gray
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary E-mail address:
cdg@florinroebig.com
laura@florinroebig.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary E-mail address:
wmf@florinroebig.com
**RACHAEL L. WOOD, ESQUIRE**
Florida Bar No.:
Primary E-mail address:
rwood@florinroebig.com
777 Alderman Road
Palm Harbor, FL 34683
Telephone No.: (727) 786-5000
Attorneys for Plaintiff(s)

Filing # 20851538 Electronically Filed 11/21/2014 12:26:50 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

I.  **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SIXTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MONROE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>JILL DIAMOND</u>
Plaintiff
     vs.
<u>HOSPICE OF FLORIDA KEYS INC NG NURSE Ad/b/a VISITI</u>
Defendant

II.  **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000

- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☐ Non-monetary
- ☐ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION:** (      )
(Specify)

2

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Christopher D Gray</u>                     FL Bar No.:  <u>902004</u>
       Attorney or party                                          (Bar number, if attorney)

<u>Christopher D Gray</u>                                    <u>11/21/2014</u>
    (Type or print name)                                         Date

Filing # 20851538 Electronically Filed 11/21/2014 12:26:50 PM

# IN THE CIRCUIT COURT FOR THE SIXTHTEENTH JUDICIAL CIRCUIT
## IN AND FOR MONROE COUNTY
## CIVIL DIVISION

JILL DIAMOND,

      Plaintiff,                              Case No.:

vs.

HOSPICE OF FLORIDA KEYS, INC.
d/b/a VISITING NURSE ASSOCIATION
OF THE FLORIDA KEYS

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:

TO ALL AND SINGULAR SHERIFFS OF SAID STATE:

You are hereby commanded to serve this Summons and a copy of the Complaint in the above styled cause upon the Registered Agent for Defendant HOSPICE OF FLORIDA KEY INC.:

### Registered Agent:
STEVEN P. ERJAVEC
1319 WILLIAM STREET
KEY WEST, FL 33040

      The Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney, whose name and address is:

Christopher D. Gray, Esq.
Rachael L. Wood, Esq.
Florin A Roebig, P.A.
777 Alderman Road
Palm Harbor, Florida 34683

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

      Witness my hand and the seal of said Court on _____, 2014.


Clerk of the Circuit Court


(SEAL)                            _____
                             Deputy Clerk

Filing # 21073496 Electronically Filed 12/01/2014 01:05:07 PM

**IN THE CIRCUIT COURT FOR THE SIXTHTEENTH JUDICIAL CIRCUIT**
**IN AND FOR MONROE COUNTY**
**CIVIL DIVISION**

JILL DIAMOND,

      Plaintiff,                                Case No.:

vs.

HOSPICE OF FLORIDA KEYS, INC.
d/b/a VISITING NURSE ASSOCIATION
OF THE FLORIDA KEYS

      Defendant.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

TO ALL AND SINGULAR SHERIFFS OF SAID STATE:

You are hereby commanded to serve this Summons and a copy of the Complaint in the above styled
cause upon the Registered Agent for Defendant HOSPICE OF FLORIDA KEY INC.:

**Registered Agent:**
STEVEN P. ERJAVEC
1319 WILLIAM STREET
KEY WEST, FL 33040

      The Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney,
whose name and address is:

Christopher D. Gray, Esq.
Rachael L. Wood, Esq.
Florin A Roebig, P.A.
777 Alderman Road
Palm Harbor, Florida 34683

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file
the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney
or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for
the relief demanded in the Complaint.

      Witness my hand and the seal of said Court on _____, 2014.

Clerk of the Circuit Court

_____

(SEAL)                       Deputy Clerk

## IN THE CIRCUIT COURT FOR THE SIXTHTEENTH JUDICIAL CIRCUIT
## IN AND FOR MONROE COUNTY
## CIVIL DIVISION

JILL DIAMOND,

          Plaintiff,                     Case No.: 14-CA-001058-K

vs.

HOSPICE OF FLORIDA KEYS, INC.
d/b/a VISITING NURSE ASSOCIATION
OF THE FLORIDA KEYS

          Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:

TO ALL AND SINGULAR SHERIFFS OF SAID STATE:

You are hereby commanded to serve this Summons and a copy of the Complaint in the above styled cause upon the Registered Agent for Defendant HOSPICE OF FLORIDA KEY INC.:

**Registered Agent:**
STEVEN P. ERJAVEC
1319 WILLIAM STREET
KEY WEST, FL 33040

      The Defendant is hereby required to serve written defenses to said complaint on Plaintiff's attorney, whose name and address is:

Christopher D. Gray, Esq.
Rachael L. Wood, Esq.
Florin A Roebig, P.A.
777 Alderman Road
Palm Harbor, Florida 34683

within 20 days after service of this Summons upon that Defendant, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

      Witness my hand and the seal of said Court on Dec 24 , 2014.

                           Clerk of the Circuit Court

                           Deputy Clerk

(SEAL)

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT OF THE STATE OF
FLORIDA IN AND FOR MONROE COUNTY

CASE NO: 2014-CA-1058-K

JILL DIAMOND,

        Plaintiff,

vs.

HOSPICE OF FLORIDA KEYS, INC.,
d/b/a VISITING NURSE ASSOCIATION
OF THE FLORIDA KEYS,

        Defendant.

_____/

## SCHEDULING ORDER

    THIS CASE having been reviewed by the Court pursuant to Rule 1.200(a), Florida Rules of Civil Procedure, and Rule 2.085, Florida Rules of Judicial Administration, with regard to the Court's obligations thereunder, and the Court being fully advised in the premises, it is hereby,

    ORDERED as follows:

### MEET AND CONFER TO CREATE AGREED DEADLINES FOR CASE:

    Within 20 days of the entry of appearance of counsel, counsel are ordered to meet and confer, to discuss and stipulate to reasonable time deadlines for this scheduling order, that are agreeable to all parties, and may more closely meet the needs of the litigants, given the nature of the case and matters in controversy. The form of the order may not be generally changed without leave of Court. If all counsel are able to reach an agreement on suitable deadlines which differ from the deadlines set forth herein, counsel shall submit an Agreed Scheduling Order to the Court for entry. Absent good cause shown, the Court will generally <u>not</u> approve agreed modifications which would put the case beyond the Florida Supreme Court's time standards. Unless and until such time as all counsel have complied with this provision, and an Agreed Scheduling Order has been entered, the deadlines set forth hereafter shall govern this case. The procedure set forth above may also be used by counsel to seek modification of the Scheduling Order as the case progresses, as may be helpful to the parties and counsel.

Counsel herein are advised that the deadlines set forth herein will not be extended solely by reason of the failure to serve process on parties, addition of new parties, claims or counterclaims to the case, pendency of motions directed to the pleadings, changes in the trial date, or stipulations between the parties or their counsel, absent good cause shown and an order specifically extending the deadlines.

1. <u>PLAINTIFF ORDERED TO SERVE SCHEDULING ORDER:</u>  Plaintiff's attorney is hereby ordered to serve a copy of this Scheduling Order on each Defendant once service is obtained, and further, shall serve a copy on any new party to the action, within ten days of service of pleadings on that party.  Any party not timely served with the Scheduling Order who has thereby been deprived of time to complete deadline items shall discuss this with all other counsel and seek a stipulated amendment to the deadlines, if no agreement is reached, the aggrieved party may seek relief from the Court.

2. <u>FACT WITNESSES AND EXHIBITS:</u>  All fact witnesses and exhibits must be disclosed no later than **90 days** from entry of this Order, by the party bearing the burden of proof on the issue the witness will testify on. The party not bearing the burden of proof on that issue will have an additional 30 days thereafter to disclose witnesses, if any.

3. <u>EXPERT WITNESSES:</u>  All expert witnesses must be disclosed no later than **120 days** from entry of this Order by the party bearing the burden of proof on the issue that the expert will testify on. The party not bearing the burden of proof on that issue shall have an additional 30 days thereafter to disclose experts, if any.

4. <u>DISCOVERY DEADLINE:</u>  All discovery (including obtaining rulings on discovery motions) shall be completed **180 days** from entry of this Order.  "Completed" means responses have been received, discovery motions have been ruled on, and all discovery matters fully resolved.  This discovery deadline shall not prevent the taking of depositions to perpetuate testimony and depositions of records custodians to establish evidentiary predicates for trial, however, depositions to perpetuate testimony of record custodians must be completed prior to the Pretrial Conference. No continuances will be granted as a result of failure to comply with this requirement.

5. <u>DISCOVERY DISPUTES:</u>  All counsel are directed to meet and confer on such disputes, as set forth below, and if no agreement is achieved, counsel may be required to personally attend any hearing on such discovery dispute.

6. MOTION PRACTICE AND PROCEDURE:

a. GENERAL MOTION FILING DEADLINE: All motions,(excluding discovery motions which are controlled by Paragraph 4, above) shall be filed no later than 30 days after the discovery deadline.  Any motions not heard by that date may be denied as untimely.

b. GENERAL MOTION HEARING DEADLINE: Timely filed motions shall be scheduled and heard no later than 60 days after the discovery deadline.  Any motions not heard by that date may be denied as untimely.

c. MOTIONS DIRECTED TO THE PLEADINGS: All motions directed to the pleadings shall be accompanied by a notice of hearing that sets any such motion for hearing to be held within 60 days of the date of filing of the motion. Any party unable to secure hearing time to comply herewith is directed to call the Court's Judicial Assistant immediately so that hearing time can be made available. The parties are advised that the Court's Trial Order will summarily deny all motions directed to the pleadings that have been filed without being set for hearing as required above.  These requirements may be excused only upon good cause shown, upon motion of any party, and order of the Court.

d. MOTION SETTING:  Open Motion Calendar: Motion of 30 minutes or less may be scheduled on the Court's Open Motion calendar by calling the Clerk of Court, Civil Division, at (305)292-3458. Motions in excess of 30 minutes and all evidentiary motions may be specially set by calling Judicial Assistant, Raquel Galvan, at (305)292-3480.  No evidentiary motions are permitted on the open motion calendar.

e. TELEPHONIC PROCEDURE:  All counsel or parties appearing telephonically shall utilize CourtCall (888)882-6878, unless otherwise directed by the Court.

f. MOTION PROCEDURE:  Motions shall be filed with the Clerk before hearing time is reserved.  A courtesy copy of all motions and memoranda in response may be mailed or delivered (no facsimiles) to the Judge's Chambers for delivery at least 5 days before the hearing for all telephonic hearings, or a courtesy copy shall otherwise be brought to the hearing for the Court's use. Should the Court find that there is no motion in the Court file at the time of the hearing, the hearing may be cancelled.  Motions must be set for hearing within 90 days of filing, except as set forth in paragraph (a), above.  Oral argument shall be deemed waived on motions not heard within 90 days of filing.  Allstate Ins. Co. v. Montgomery Ward, 538 So.2d 974 (Fla. 5th DCA 1989).

g.  <u>ALL MOTIONS AND DEPOSITION DATES TO BE CLEARED</u>:  Counsel shall not schedule a motion hearing or a deposition on a date or time that has not been cleared on all other counsel's calendar(s). If counsel are unable to agree on dates or times for hearings or depositions, the moving party shall set the dispute for hearing by motion on a time and date provided by the Court's Judicial Assistant.  All counsel may be required to personally attend such hearings with their calendars, and no telephonic appearance will be permitted, absent written leave of Court.

h.  <u>MEET AND CONFER REQUIREMENT</u>: Counsel shall meet and confer regarding all disputed issues before setting a hearing to resolve those issues on motion.  Failure to comply with this requirement may result in removal of motions from the docket, rescheduling of motions by the Court, denial of motions, or sanctions, as appropriate.

i.  <u>EMERGENCY MOTIONS</u>:  An emergency motion is based on an immediate threat to life, limb or property.  The Court will set aside all other pending matters to address *bona fide* emergencies.  Scheduling conflicts between counsel, last minute attempts to modify deadlines, and similar issues are not "emergencies" and may not be styled as such to obtain expedited relief from the Court.  Counsel are directed to meet and confer regarding such issues.  Counsel will either submit a stipulation and agreed order, or to schedule such matters for hearing on the Court's regular motion calendar.

7.  <u>MEDIATION REQUIREMENT</u>:  The Court requires mediation in all civil cases, unless otherwise ordered.  This order shall constitute a referral to mediation by the Court pursuant to Fl.R.Civ.Pro.1.700(1), and the rules, procedures and other requirements set forth in Rules 1.700-1.730, are applicable, including the imposition of sanctions, which includes attorneys fees and costs, *inter alia,* regarding all mediations conducted in or regarding this case.  The parties will complete mediation of this case after the Motion Hearing Deadline and before the Pre-trial Conference.  Previous, unsuccessful attempts at mediation may not be deemed a sufficient basis to be excused from this mediation requirement.  Plaintiff's counsel is directed to coordinate the mediation with all other counsel.  All parties are ordered to appear in person for the mediation, and a claims adjuster with full settlement authority is also ordered to appear in person in cases where any portion of the defense is being conducted by an insurance carrier.  Failure to comply with this requirement may be sanctioned by the Court as appropriate.  If no mediation repot showing compliance herewith is in the Court file at the Pretrial Conference, the Court may impose appropriate sanctions, including case dismissal or striking of pleadings.

8. <u>MOTIONS IN LIMINE:</u> These motions must typically be filed and heard as set forth above.  The Court will hear motions in limine after these deadlines only upon a showing that the factual basis for the motion could not have been reasonably known by counsel before the general motion deadline.

9. <u>TRIAL SETTING AND PRETRIAL CONFERENCE:</u> Counsel are advised that this Order is not a Trial Order, but is a Scheduling Order to enforce compliance with time standards set forth below.  By a separate Trial Order, this case will be set for trial no less than 30 days after expiration of the General Motion Hearing Deadlines.  Counsel are directed to be fully prepared for trial by this date.   Counsel shall notify the Court immediately, if trial of this cause is anticipated to be longer than 5 days, by serving and filing a Notice of Anticipated Lengthy Trial estimating the number of trial days, and delivering a copy of same to the Judge's Chambers.

10. <u>OVER TIME STANDARDS CASES:</u>  The Court will regularly review the case for case management purposes.  A failure to progress the case as required by the scheduling order may result in dismissal without prejudice on the Court's own motion, or such other sanctions or remedies as may be appropriate.  Counsel are advised that discovery will not be reopened, nor will a continuance of the trial date be granted absent a showing of extraordinary circumstances that justify such a request for cases that have exceeded these time standards:

    (Civil:  18 months from the filing of the Complaint ("FFOC") for jury cases, 12 months FFOC for non-jury cases; FFOC, Uncontested: 90 days FFOC

11. <u>SETTLEMENT:</u> Counsel shall file a fully signed, written stipulation and proposed order of dismissal before any settled case will be taken off the Court's docket.

12. <u>FACSIMILE TRANSMISSIONS:</u>  Please call the Judicial Assistant in Chambers before initiating a facsimile transmission, to confirm authorization or to receive instructions for alternate methods of document delivery to the Court.

DONE and ORDERED in Chambers at Key West, Monroe County, Florida, this _____ day of December, 2014.

TEGAN SLATON
CIRCUIT JUDGE

cc:   FLORIN ROEBIG, P.A.
       Christopher D. Gray, Esq.
       cdg@florinroebig.com

Wolfgang M. Florin, Esq.
wmf@florinroebig.com

Rachael L. Wood, Esq.
rwood@florinroebig.com